Ruth Ann Bohne, In Pro Per
7646 Newmark Avenue
Rosemead, CA 91770
(626) 688-3955
E-M: ruthbohne@gmail.com

FILED
2019 JUN 18 PM 3: 35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

Representing Petitioner PARENT ON BEHALF OF STUDENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| PARENT ON BEHALF OF STUDENT,<br><br>Petitioner,<br><br>vs.<br><br>GARVEY SCHOOL DISTRICT,<br><br>Respondent. | Case No. 2:18-cv-02312-JFW-(JEMx)<br>Appeal filed: March 22, 2018<br>Hon. John F. Walter<br><br>**PETITIONER STUDENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>TRIAL DATE: July 2, 2019<br>TIME: 1:30 P.M.<br>COURTROOM.: 7A |

TO THIS HONORABLE COURT AND TO RESPONDENT GARVEY SCHOOL DISTRICT AND ITS ATTORNEYS:

PARENT ("Petitioner") hereby respectfully submits her Proposed Findings of Fact and Conclusions of Law pursuant to this Court's order dated June 3, 2019.

DATED: June 18, 2019          Respectfully submitted

_____
Ruth Ann Bohne, Petitioner

USDC.957

# I.

# PROPOSED FINDINGS OF FACT PERTAINING TO BOTH PSYCHOEDUCATIONAL AND SPEECH/LANGUAGE ASSESSMENTS

Respondent DISTRICT filed for due process with the California Office of Administrative Hearings ("OAH") pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§1400 et seq., in order to defend the adequacy of its psychoeducational, speech/language ("S/L") and occupational therapy ("OT")assessments of Appellant STUDENT. (Administrative Record, "AR" Pp. 1-11 [hereafter, references to pages only include the AR page number] [District Complaint and proof of service]).

The hearing was held on October 3, 2017 and October 4, 2017 before Administrative Law Judge Sabrina Kong (AR 218 *et seq.* [Decision]).

At the hearing, Parent called witnesses sufficiently knowledgeable concerning STUDENT to rebut the testimony of the DISTRICT'S School Psychologist, Speech/Language Pathologist ("SLP") and Occupational Therapist. [AR ]

Parent also presented at the hearing documentary evidence further rebutting the contentions of the DISTRICT that their psychoeducational, S/L and OT assessments were appropriate. [AR *****]

Subsequent to the hearing, ALJ Kong ordered that the OT assessment was not appropriate and that the DISTRICT was required to provide Parent with an independent OT assessment at public expense. (AR 244 [Decision's Order]).

However, ALJ Kong ordered that the DISTRICT'S psychoeducational and S/L assessments were appropriate and that the DISTRICT was not required to provide independent psychoeducational and S/L assessments at public expense. . (AR 244 [Decision's Order]).

///

///

///

Parent appealed the OAH decision to the Superior Court of California in Los Angeles. (Docket document 2, attachment to the Notice of Removal). The case was subsequently removed to this Court by the DISTRICT. (Docket document 2).

The DISTRICT did not appeal to the U.S. Central District Court the OAH decision/order ruling which found that the DISTRICT'S OT assessment was inappropriate and required the DISTRICT to provide Parent with an independent OT assessment at public expense.

The DISTRICT removed the matter to the U.S. Central District Court of California on March 22, 2018. (Docket document 2 [Notice of Removal]).

## II.
## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW PERTAINING TO THE DISTRICT'S SPEECH/LANGUAGE ASSESSMENT

a. <u>Findings of Fact</u>

b. <u>Conclusions of Law</u>

The Speech/Language assessment report did not include any parent input as required by law.

[U.S.C. §§ 1414(a)(2), (b) & (c); Ed. Code, §§56320, 56381, subd. (e); *Winkelman v. Parma City School Dist.* (2007) 550 U.S. 516, 524 [127 S. Ct. 1994]; *Amanda J. v. Clark County School Dist.* (9th Cir. 2001) 267 F.3d 877, 882.) [Emphasis added.]

The Speech/Language assessment report contains inaccurate information, is misleading and underreported STUDENT'S abilities that were either known or should have been known by DISTRICT's SLP Maria Rubalcaba, and is therefore

legally defective under the IDEA.

(See AR: Pierce testimony, Pp. 436, Lines 13-15 & P. 435, Lines. 14-15; Claudia Bahamonde testimony at P. 313, Lines 23-25 & P. 314, Lines 12-19 & P. 315, Lines 5-17 & P. 316, Lines 8-14 & P. 317, Lines 4-9 & P. 39, Lines 23-24; Maria Rubalcaba testimony at P. 574, Lines 7-8 & P. 575, Lines 5-7 & P. 599, Lines 12-14 & P. 610, Lines 17-23 & P. 611, Lines 2-6 & P. 611, Lines 14 to P. 612, Line 5 & P. 612, Lines 6-14 & 16 & P. 613, Line 9 & P. 625, Lines 6-7; in addition to the testimony of Ruth Bohne, Kurt Bohne, Remy Guevara, Linda Pena and Marina Toranian as identified in STUDENT's Opposition to Motion for Summary Judgment.

GARVEY SCHOOL DISTRICT is required to provide to Parent an independent speech and language assessment at public expense.

## III.
## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW PERTAINING TO THE DISTRICT'S PSYCHOEDUCATIONAL ASSESSMENT

a. <u>Findings of Fact</u>

The psychoeducational evaluation contains inaccurate information, is false and misleading and underreports STUDENT's abilities that were either known or should have been known by DISTRICT's psychologist and is therefore defective.

1. Disputed 12-18 month cognitive range.

(AR, Kurt Bohne testimony at P. 706, Lines 7018, P. 707, Lines 2-5; P. 716, Lines 9-11; Ruth Bohne testimony at P. 690, Line 18 to P. 691, Line 1; P. 690, Lines 18 to P. 691, Line 1; P. 691, Line 13; P. 691, Lines 16-21; P. 691, Line 22 to P. 692, Line 12)

2. Improper Placement based on faulty assessments as environmental factor.

(AR, Ruth Bohne testimony at P. 683, Lines 1-6).

b. Conclusions of Law

A review of the testimony and documents presented at the administrative court proceeding, as well as the evidence which not admitted into evidence at the administrative hearing, combined with the laws governing adequacy of assessments, prove that the DISTRICT'S psychological assessment is inappropriate.

The OAH Decision was selective and discriminating in what it took under consideration and denied Parent and STUDENT their right to a fair and impartial hearing. 20 U.S.C. §1400, (d)(1); 34 C.F.R. §300.1 (2006) 3 *et seq.*; Ed. Code §56000, subd.(a); Cal.Code. Regs., title 5, §3000 & §3082, *et seq.* 20 U.S.C. §1415(b)(6),(f); 34 C.F.R. §300.511; Ed. Code §§56501, 56502, 56505; Schaffer v. Weast (200) 546 U.S. 49, 56-62 [126 S.Ct. 528, 163 L.Ed.2d 387]; see 20 U.S.C. §1415(i)(2)(C)(iii).

The Decision's conclusions should not be accorded substantial deference.

DISTRICT'S psychologist Claudia Bahamonde was competent to perform such an evaluation but chose not to give due regard to STUDENT'S pertinent provisional Autism diagnosis. [***]

Ms. Bahamonde also ignored the classroom teacher's rating scale suggesting a very high likelihood of Autism and denied Parent the opportunity to fill out the Gilliam Autism rating scale. [AR, Ruth Bohne testimony P. 682, Lines 2-5; P. 682, Lines 7 to P. 683, Line 6; Gaines report; SEEK report; IPP]

The law requires DISTRICT to address areas of suspected disability. [20 U.S.C.§1414(b)(3)(B); Ed. Code §56320, subd. (f)]; *Park v. Anaheim Union High School Dist.* (9th Cir. 2007) 464 F.3d 1025, 1031-1033)

Ms. Bahamonde reviewed the report of Phillip E. Gaines providing STUDENT with a provisional Autism diagnosis and Ms. Bahamonde summarily dismissed it, unilaterally choosing to attribute STUDENT's deficits to severe mental retardation. [AR *****]

///

USDC.957

5

PETITIONER STUDENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

Parent informed Ms. Bahamonde of unaddressed behavior concerns but Ms. Bahamonde claimed that there were none. [AR *****] It was Parent's belief that STUDENT's unaddressed and unrecognized behavior, at the time of the assessments, may have played a factor in accurate data collection and negatively affected test scores. [AR, Ruth Bohne testimony at P. 680, Line 19 to P. 681, Line 6; P. 681, Lines 106 and P. 687, Lines 8-16.]

Ms. Bahamonde relied upon information gleaned from the defective speech/language assessment with regard to receptive/expressive communication in formulating her opinions which renders, by default, the psychoeducational assessment to be equally defective.

The DISTRICT'S psychoeducational assessment is legally defective and incomplete under the IDEA.

GARVEY SCHOOL DISTRICT is required to provide to Parent an independent psychoeducational assessment at public expense.

(20 U.S.C. §1415(b)(1); 34 C.F.R. §300.502(a)(1); Ed. Code §56329, subd. (b) & 56506.

Accordingly, Parent is entitled to recover costs according to proof.

DATED: June 18, 2019              Respectfully submitted

_____
Ruth Ann Bohne, Petitioner

USDC.957                                    6
PETITIONER STUDENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My residence address is 7646 Newmark Avenue, Rosemead, CA 91770.

On June 18, 2019, I served true copies of the following document(s) described as **PETITIONER STUDENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address rbohne@gmail.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on June 18, 2019, at Rosemead, California.

_____
Ruth Ann Bohne, Declarant

USDC.957

7

PETITIONER STUDENT'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

# ATTACHMENT TO PROOF OF SERVICE

Sharon Watt, Esq.
Geoffrey R. Winterowd, Esq.
FILARSKY & WATT LLP
475 Washington Blvd.
Marina del Rey, CA 90292
E-M: support@filarskyandwatt.com